IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JEFFREY D. TELLINGHUISEN,

    Defendant.

Case No. 04-10224-01-JTM
Case No. 06-3063-JTM

MEMORANDUM AND ORDER

This matter is before the court on the defendant Jeffrey D. Tellinghuisen's Motion to Vacate Sentence under 28 U.S.C. § 2255. (Dkt. No. 20). Under a plea agreement, seventeen criminal charges against Tellinghuisen were dismissed; he pled guilty to Count 6, charging him as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). Tellinghuisen was sentenced to 120 months imprisonment and 2 years supervised release. (Dkt. No. 18). In addition to his motion to vacate, which raises claims of ineffective assistance of counsel and coercion in the plea, Tellinghuisen has also moved for appointment of counsel, (Dkt. No. 22), an order to provide him with a copy of the change of plea hearing, (Dkt. No. 25), and a motion to continue response deadline, (Dkt. No. 24). All of the defendant's motions will be denied. The court cannot grant the motion to vacate, since Tellinghuisen freely, knowingly, and voluntarily waived his right to collaterally attack his sentence in the Plea Agreement. The Plea Agreement

was accepted by this court after an extensive colloquy in which the court determined that the plea was indeed free, knowing, and voluntary.

The Plea Agreement to which Tellinghuisen agreed included the following:

> 7. Waiver of Appeal and Collateral Attack. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal the conviction or a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18, U.S.C. § 3582(c)(2). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement at ¶ 7. The court paid explicit attention to the waiver of appeal and collateral attack rights. Tellinghuisen's waiver of those rights was free, knowing, and voluntary. Tellinghuisen does not advance the argument in his motion to vacate that counsel was ineffective in negotiating the appeal waiver.

A defendant's waiver of his appellate rights, including habeas relief, will be upheld where the scope of the waiver covers the present appeal, the waiver was knowing and voluntary, and enforcement of the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10 Cir. 2004). A § 2255 motion asserting ineffective assistance of counsel supports a claim of a miscarriage of justice only if the alleged ineffective assistance is "in connection with the negotiation of the waiver" of the appellate rights. *Hahn*, 359 F.3d at 1327. "Collateral attacks based on ineffective assistance of counsel

claims that are characterized as falling outside that category are waivable." *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

The court denies Tellinghuisen's request for appointment of counsel. The defendant was ably represented prior to and during the plea agreement. The defendant freely, knowingly, and voluntarily waived his right to seek the relief he now seeks. Appointment of counsel would not advance the interests of justice or lead to any different result herein. Further, the court will deny Tellinghuisen's request for the plea hearing transcript and extension of time to submit a Traverse to the government response. Both pleadings seek only to address the narrow issue created by the government's statement, in its Response to Tellinghuisen's motion, that said motion contained perjurious statements.

Additional argument on the question of whether certain statements of Tellinghuisen were or were not perjury is unnecessary. Without reaching the question of perjury, the defendant's Motion to Vacate should and will be dismissed pursuant to the court's inherent power to enforce the Plea Agreement.

IT IS ACCORDINGLY ORDERED this 26th day of May, 2006 that the defendant's Motion to Vacate, Motion for Appointment of Counsel, Motion to Provide, and Motion to Continue (Dkt. Nos. 20, 22, 25, 24) are denied. The government's Motion to Dismiss (Dkt. No. 23) is granted as provided herein.

        s/ J. Thomas Marten  
        J. THOMAS MARTEN, JUDGE